## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALVIN MEDINA,
    Appellant,

v.

DEPARTMENT OF
    TRANSPORTATION,
        Agency.

DOCKET NUMBER
SF-1221-14-0700-W-1

DATE: March 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alvin Medina, Menifee, California, pro se.

Lierre M. Green, Esquire, Los Angeles, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Prior to filing the instant appeal, the appellant filed an appeal of his removal from the position of Drug and Alcohol Compliance and Enforcement Inspector. On December 5, 2013, the administrative judge in that appeal issued an initial decision reversing the agency's removal action.[2] *Medina v. Department of Transportation*, MSPB Docket No. SF-0432-13-0257-I-1, Initial Decision (Dec. 5, 2013). Thereafter, the appellant filed this IRA appeal in which he contended that the agency retaliated against him for his Board appeal when, after reinstating him, it initiated an investigation into alleged misconduct from almost 3 years prior. Initial Appeal File (IAF), Tab 1.

¶3 The administrative judge issued an order providing the appellant with his burden of proof on jurisdiction. IAF, Tab 7. After providing the parties with the opportunity to respond to the jurisdictional order, the administrative judge issued

---

[2] The appeal is currently pending on review following the filing of a petition for review by the agency. *See Medina v. Department of Transportation*, MSPB Docket No. SF-0432-13-0257-I-1.

an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 6. The administrative judge found that the appellant exhausted his administrative remedies before the Office of Special Counsel (OSC) with regard to his assertion that the agency placed him under investigation for his participation in appeal and complaint activities, following his return to duty. ID at 5. However, the administrative judge found that the appellant had failed to nonfrivolously allege that he was subjected to at least one "personnel action" within the meaning of 5 U.S.C. § 2302(a)(2)(A). ID at 5. Accordingly, the administrative judge found that the appellant had failed to show that the Board has jurisdiction over his IRA appeal. ID at 5.

¶4      The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant asserts that: (1) his equal employment opportunity (EEO) complaint regarding the agency investigation was dismissed on the basis that he was pursuing his claims before the Board; (2) the investigation was based on fabricated evidence; and (3) the agency plans to remove him and has subjected him to a hostile work environment. PFR File, Tab 1 at 5-7. The agency has filed a response in opposition. PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The parties do not challenge, nor do we discern any basis to disturb, the administrative judge's finding that the

appellant exhausted his administrative remedies before OSC regarding his contention that the agency investigated him for his prior Board activities. ID at 5; IAF, Tab 2 at 2-3. Regarding the appellant's assertion that the agency subjected him to a hostile work environment for his prior Board appeal, he has not established that he exhausted his OSC remedies with regard to this contention; accordingly, we will not consider it. *See Willis v. Department of Agriculture*, 141 F.3d 1139, 1144 (Fed. Cir. 1998) (the Board correctly declined to consider allegations of disclosures not clearly raised before OSC).

¶6        We agree with the administrative judge's finding that the appellant has failed to meet the jurisdictional requirement of making a nonfrivolous allegation that he was subjected to a personnel action under 5 U.S.C. § 2302(a)(2)(A).[3] In particular, the appellant has not made a nonfrivolous allegation that the agency investigation, under the facts he alleged, constituted a "personnel action" under the Whistleblower Protection Act (WPA). *See Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 9, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009). Granted, the Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate against an employee for whistleblowing. *Id*. Here, though, the appellant has failed to make a

---

[3] In light of this determination, we need not make a finding regarding whether the appellant nonfrivolously alleged that he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). We note that the Whistleblower Protection Enhancement Act (WPEA) instructs that a denial of a request for corrective action on the basis that the agency established its affirmative defense may only be made "after a finding that a protected disclosure was a contributing factor." 5 U.S.C. § 1221(e)(2); *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014); *Belyakov v. Department of Health & Human Services*, 120 M.S.P.R. 326, ¶ 7 n.3 (2013). Nothing in the WPEA, however, precludes the Board from considering, at the jurisdictional stage, whether the appellant made a nonfrivolous allegation that he was subjected to a personnel action, even in the absence of a finding that he made a nonfrivolous allegation that the disclosure was protected or that he engaged in protected activity under 5 U.S.C. § 2302(b)(9). *See Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 21 n.8 (2015).

nonfrivolous allegation that the conduct of any investigation was so closely related to a personnel action that it could have been such pretext. While the appellant contends that his first-line supervisor verbally threatened to remove him based on the alleged misconduct which formed the basis of the investigation, PFR File, Tab 1 at 7, the appellant's first-line supervisor's alleged statement, without more, is too distant from the actual possibility of removal to be considered a threat under 5 U.S.C. § 2302(a)(2)(A). *See Daniels v. Department of Veterans Affairs*, 105 M.S.P.R. 248, ¶ 8 (2007) (finding that, while the statement that the appellant "may not be qualified for [her] job" might suggest removal from a position, it did not constitute a personnel action under the WPA). The appellant's remaining assertions on review, such as his contention that the agency investigation is based on fabricated evidence, do not show that he was subjected to a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A).

¶7 Along with his petition for review, the appellant has submitted a copy of the agency final decision on his EEO complaint. PFR File, Tab 1 at 9-10. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Because the appellant's evidence does not show that the Board has jurisdiction over his IRA appeal, it does not provide a basis for disturbing the administrative judge's findings. Based on the foregoing, we AFFIRM the initial decision dismissing the appeal for lack of jurisdiction.[4]

---

[4] Although the appellant did not explicitly raise discrimination in his appeal or on PFR, he filed with the Board his IRA letter and a copy of the final agency decision dismissing his EEO complaint, which both referenced his discrimination claims. *See* IAF, Tab 2 at 2; PFR File, Tab 1 at 5, 9-10. The final agency decision dismissed the appellant's EEO complaint on the ground that he had filed a Board appeal "on the same matter" that he raised in his EEO complaint. To the extent that the appellant may be attempting to raise claims of prohibited discrimination, we note that discrimination claims do not provide an independent basis for Board jurisdiction, *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), and the Board otherwise lacks jurisdiction to adjudicate discrimination claims in the context of IRA appeals, *see Smets*

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

---

*v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 14 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). As a result, we have not considered these possible claims.

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.